## Adna T. Stone v. Richard Covell and another.

*Fraudulent sales: Value: Evidence: Res gestæ: Probabilities.* Where an action is brought for fraud in misrepresenting the character and value of a note and mortgage, which were received in exchange for personal property, it is admissible to prove the value of the chattels, both to show the extent of the fraud, and as part of the *res gestæ,* to throw light on the probabilities of the whole transaction.

*Evidence: Values: Opinions: Farmers.* Opinions as to the value of land may be given by farmers, though not residents of the immediate vicinity, if they have examined it and made the usual inquiries to inform themselves.

*Variance: Objection: Request to charge: Practice.* Where a defendant does not object to variance in plaintiff's proof until he has completed his own testimony, and the case has been summed up, and then for the first time requests a charge upon it, the objection will not be sustained where the whole transactions have been sworn to by the parties themselves, and it is clear the defendant has not been misled or injured by the variance.—*McHardy v. Wadsworth. 8 Mich., 349.*

STONE *v.* COVELL.

*False representations: Fraud: Knowledge of the. falsity of the representations.*
A man is liable for false representations made intentionally to induce, and
which do induce action in reliance upon them; and it is fraud if he believes,
or has reason to believe them false, whether he knows them to be false or not.

*Heard April 30 and May 1.     Decided May 13.*

Error to Kalamazoo circuit.

*Alfred J. Mills* and *Arthur Brown*, for plaintiff in error.

*May & Buck*, for defendants in error.

CAMPBELL, J.

Defendants in error brought an action on the case against
Stone for fraud in making false representations concerning
a note and mortgage which he assigned to them in ex-
change for certain property.     They sold him a span of
horses, wagon and harness, and a note of one hundred and
twenty-five dollars, on which a colt was taken at one hun-
dred dollars.     The mortgage was for four hundred and
sixty-two dollars and twenty-nine cents, with interest, given
by John E. Smith on about twenty-eight and one-half acres
of land in Pine Grove, Van Buren county.     It was averred
that Stone represented the land unencumbered except to
the amount of eighty dollars; to be good land, that
Smith had paid twelve hundred dollars for; that it had
ten acres of wheat, and the remainder was well covered
with good timber.     He was also averred to have repre-
sented that Smith had bought one hundred acres of good
land adjoining.     The declaration averred that the land was
mortgaged to the amount of three hundred and thirty-seven
dollars and interest, and cost Smith only five hundred dol-
lars;     that there was no wheat on it, and the timber had
been stripped off;     and that Smith owned only forty acres
adjoining, with but six acres cleared.

The jury found a verdict for the full value of the note
and mortgage, on the conclusion that they were worthless.

Several errors are assigned, which can be classified under
a few heads.

The plaintiffs below, in addition to proving the terms of their contract, were allowed, under objection, to prove the value of the chattels which they sold, and also to testify that the defendant's representations in regard to the securities were the inducement to their sale.

We think this was entirely proper. This was an action for fraud in a bargain. In determining whether a fraud has been committed, it is always desirable to have the jury enabled to put themselves, as nearly as may be, in the place of the parties, that they may fully appreciate the bearing of their conduct. The value of what is transferred on either side must bear more or less on the motives of both. If the articles sold by one party were of small value, it would take very strong evidence to satisfy a jury that the party turning out a large security in payment would be likely to give guaranties or assurances of its quality. And the fact that valuable property was sold for a security of the same nominal value, would corroborate the testimony which showed such assurances of its being sound and relible. A principle of common experience, and on which all people would usually act, cannot be disregarded as irrelevant.

As to the inducement on which the plaintiffs acted, it is admissible on the plainest principles. No one is defrauded who does not act in reliance upon the fraudulent representations, and whether or no such reliance was given, is a leading inquiry in all such cases.

Marvin J. Covell was called as a witness to show the worthlessness of the mortgage. He testified to making an examination of the land, and to the absence of wheat and timber. He was then asked his opinion of its value. Objection was made that he had not shown himself competent to give such an opinion, but his testimony was received. What he said of his means of judging was as follows :

"I am a farmer by occupation; I am acquainted with the value of land; I don't know that I am particularly well acquainted with the value of land in the region of

29 MICH.—46.

Pine Grove, only as prices were put on their lands in that section." He further testified that it was twenty-seven or twenty-eight miles from where he lived. He was asked: "Well, sir, judging that land by those prices that you heard on their lands, what should you say its value was?" He answered: "I should think the value of that land not over five dollars per acre."

This was all the evidence bearing upon his means of judgment.

There is strong reason for allowing farmers and other land owners and dealers to give their testimony as to values of land in their own neighborhood, or in the region where they deal in it.—*Wallace v. Finch, 24 Mich. R., 255.* All intelligent persons in those positions may be supposed to inform themselves.

I am myself strongly inclined to think there was not enough in the testimony to bring the witness within the reason which permits such opinions to be shown, and that the question comes within the rule laid down in *Kost v. Bender, 25 Mich. R., 515,* and *Greely v. Stilson, 27 Mich. R., 153.* It appears to me that without a fuller showing of the extent of his inquiries, the witness did not give sufficient evidence that he knew the value of the lands.

But the majority of the court are of opinion that enough appeared to go to the jury, and that there was no error in the admission of the testimony.

The court was asked to direct a verdict for the defense on the ground of a variance between the declaration and the proof.

The variance consisted in the fact that a colt was alleged to have been a part of the consideration of the bargain, and nothing was said about any note of Stone's; when the proof tended to show the colt was received as part payment of the note after the note had been received on the bargain. A further variance was in the silence of the declaration upon an agreement or understanding that

Stone should obtain time for plaintiffs on a note of theirs held by certain other parties.

After the plaintiffs below had given in all their testimony, and without any suggestion or objection that a variance had then appeared, the defendant went into a full defense, and gave his own version of the bargain, by the testimony of himself and of some others. It was not until the charge to the jury that any such point was raised.

Whether in this form of action the same accuracy of averment is required as in actions on contract, is a question on which there has been some controversy. But we think where the party has not, and could not possibly have been misled on the trial, such variance cannot be a ground of reversal. In this case the parties were all sworn themselves; and defendant laid before the jury his own version of the agreement, which agreed substantially with that of plaintiffs, so far as the points were involved on which the variance is charged. It appears affirmatively that he knew precisely what he was to meet, and was fully prepared with his proofs. In such a case no damage could possibly have come to him from the variance, and a judgment cannot be reversed for an error which could not under any circumstances have worked any prejudice. The case is within the principle of *McHardy v. Wadsworth, 8 Mich. R., 349,* and is also within the statute of amendments.—*Comp. L.,* § *6051.*

It is also alleged as error that the court held the defendant liable for false representations, if he knew or had reason to know or believe them to be false, without requiring proof of actual knowledge.

The court was very particular in requiring the jury to find that the representations were knowingly and positively made, and were actually false. These actions are not brought to teach moral lessons, but to redress actual grievances. When a person sells his property upon the positive statements of another on facts, and those facts turn out to

be falsely asserted, he is damaged by the falsehood, and the false assertion has all the effect of actual fraud.

We have heretofore held that a man is bound by his positive and unequivocal assertions of fact, and bound to make good the consequences of their falsehood. And when he asserts as true what he has reason to believe false, and gives no qualification to show that he is not speaking positively and from knowledge, we think there is no sense or justice in exempting him from responsibility.—*Converse v. Blumrich, 14 Mich., 109 ; Beebe v. Knapp, 28. Mich. R., 53 ; Beatty v. Lord Ebury, L. R., 7 H. of L., 102.*

There are no other points of any importance presented. The judgment is affirmed, with costs.

The other Justices concurred.