William Carter v. Martha Carter.

*Indefinite employment: Statute of limitations.* Where a person goes into the service of another upon an indefinite promise of payment for the same, and no price and no period is fixed, the bargain and service are alike continuous, and the statute of limitations does not begin to run against the claim until the service is concluded; the right of action at the close of the service is an entire right and applies to the entire service, and the employe is entitled to claim for the whole amount of all unpaid wages for all the service rendered under the agreement.

*Evidence: Value of services.* Neighbors who have employed servants to do like work are competent to testify to the value of the services of a girl employed to do house work.

*Heard April 4. Decided April 10.*

Error to Branch Circuit.

This action was brought by defendant in error to recover of plaintiff in error, her uncle, the value of her services in doing house work in his family under a verbal arrangement whereby he requested her to do the work and promised her he would pay her for it. No time was fixed and no price agreed upon. The services continued during a period of about seven years, terminating September 14, 1869. The suit was brought July 8, 1875. The statute of limitations was pleaded in defense, among other things. The evidence of neighbors who had employed girls to do like work, as to the value of the services performed, was admitted against objection. The plaintiff had judgment below and defendant brought error.

*Loveridge & Barlow,* for plaintiff in error, upon the question of the evidence admitted as to the value of the labor performed, cited: *Lamoure v. Coryl,* 4 *Denio,* 370; *Harris v. Panama R. R.,* 3 *Bos.,* 17; *Lincoln v. Saratoga R. R.,* 23 *Wend.,* 432; *Terpenning v. Corn Ex. Ins. Co.,* 43 *N. Y.,* 279; *Scott v. Lilienthal,* 9 *Bos.,* 228. They argued that plaintiff's claim for services was barred by the statute of limitations except for services rendered from July 8, 1869, to September 14, 1869, and cited: *Comp. L. 1871,* § 7152; 16 *Mich.,* 211; 22 *Mich.,* 178; *Kimball v. Brown,* 7 *Wend.,* 322; *Hallock v. Losee,* 1 *Sand.,* 220; *Union Bank v. Knapp,* 3 *Pick.,* 96.

The most favorable construction that can be put upon plaintiff's claim, under the statute of limitations, is, that the contract claimed by her is a continuing one, and that the part

CARTER v. CARTER.

of the last year's services from October 7, 1868, to September 14, 1869, would not be barred by the statute until September 14, 1875: See *Davis v. Gorton, 16 N. Y.,* 255.

*J. H. McGowan,* for defendant in error.

Opinions, like other testimony, are competent in the class of cases in which they are the best testimony, and non-experts may give opinions as to value of services: *1 Greenl. Ev. (13th ed.),* § *440, a; 35 Barb., 105; 5 Minn., 119; 8 Allen, 101; 42 Barb., 36; 49 N. H., 398; 13 Metc., 288; 2 Gray, 107; 12 Mich., 27; 17 Mich., 296; 31 Mich., 443.*

There are two reasons why the claim of the defendant in error was not barred by the statute: (1) There was a mutual account between the parties, items of which were within six years from the commencement of suit; (2) The right of action did not accrue until within six years from commencement of suit.

If part of an open account current be within six years, it draws after it items beyond six years, so as to protect them from the statute: *5 Johns. Ch., 522; Br. Dig., 2542,* ¶¶ *222, 233;* and it makes no difference on which side the item is charged or credited: *Hager v. Springer, 63 Me., 506; Hodge v. Manley, 25 Vt., 210; Helms v. Otis, 5 Lans. (N. Y.), 137.*

Payments upon an account for services are sufficient to render it an open and mutual account so as to prevent the remedy thereon being barred by the statute of limitations. It is not necessary that there should be mutual services: *Payne v. Walker, 26 Mich., 60; Kimball v. Kimball, 16 Mich., 211; Ang. on Lim.*

Again, the statute is not a bar to recovery in this case, as the right of action only accrued within six years of the commencement of the suit. The labor in this case was performed under an agreement to be paid therefor without specifying at what time such payment should be made or when such labor should cease. The statute did not commence running until the labor was ended: *Little v. Smiley, 9 Ind., 116; Schoch v. Garrett, 69 Pa. St., 144; Catholic Bishop v. Bauer, 62 Ill., 188; Vanhorn v. Scott, 28 Pa. St., 316; 19 Wis., 552; Ang. on Lim., 120; Zeigler v. Hunt, 1 McCord (S. C.), 577; Adams v. Ft. Plain Bank, 36 N. Y., 255.*

A cause of action accrues upon a contract at the time of the breach, and not at the time of making the contract: *Peck v. Cheney, 4 Wis., 249; Ang. on Lim.*

GRAVES, J:

We think the verbal agreement of 1862 was for a single

though indefinite period of service, and not for a yearly hiring or for two or more terms.

The bargain and service were alike continuous.

As the understanding went on from day to day, so did performance by defendant in error on the strength of the request and promise of plaintiff in error. There was no suspension of the request or of the service. There was no break or rest or any understanding that there should be. The mutual assent for the continuance of the service, and the yielding of service under the arrangement, ceased at the same time; and while in course of being rendered the service was upon the agreement and in performance of it, and was not the subject of account, and it afforded no accrued and matured right to be affected by the statute of limitations.

A right capable of being acted upon by the statute might arise out of it, but had not yet arisen. When the transaction was closed by withdrawal of defendant in error on the 14th of September, 1869, an actionable right ensued against which the statute commenced running. But it was an entire right, and applied to the entire service. At that time defendant in error was entitled to claim for the whole amount of all unpaid wages for all the service she had rendered under the agreement. This disposes of the main charge of error.

The objection that certain witnesses were not qualified to testify in regard to the value of service, is not well founded. The doctrine has been so often considered that no discussion is called for.—*Sirrine v. Briggs, 31 Mich., 443, and cases; Stone v. Covell, 29 Mich., 359; Morrissey v. The People, 11 Mich., 327; Evans v. The People, 12 Mich., 27; Det. & Mil. R. R. Co. v. Van Steinburg, 17 Mich., 99.*

As no error is discovered, the judgment should be affirmed, with costs.

The other Justices concurred.