## JAMES ENRIGHT v. WILLIAM HARTSIG.

*Demurrer—Injury by overflow—Estimate of damage—Obstructing ditches.*

A demurrer on technical grounds does not affect the sufficiency of a declaration in matters of substance.

A declaration in case before a justice for overflowing defendant's land, sufficiently sets forth the cause of action in alleging that defendant dammed or caused to be dammed a ditch which plaintiff had used as a matter of right for more than twenty years and was situated on a road laid out by the commissioners of highways, and that by the obstruction of the ditch the plaintiff had suffered damage as specified.

The opinions and estimates of eye witnesses acquainted with the premises and the surroundings are admissible to show the extent of damage done by overflowing land.

A man was sued for overflowing plaintiff's land by obstructing a ditch. His wife and child were the persons who filled it up, but when the plaintiff cut trenches to let off the water, defendant himself filled them up again, threatened those who were sent to re-open them and asserted his purpose not to let the main ditch be cleared for less than $1500; there was some evidence also that he knew where his wife was when she was at work. *Held*, that the jury were justified in finding him responsible for the mischief.

Error to Macomb. Submitted June 28. Decided June 29.

CASE. Defendant brings error. Affirmed.

*Hawley & Firnane* for plaintiff in error.   The objection that a declaration does not set forth a legal cause of action is not waived by pleading to the merits:  *Stoflet v. Marker* 34 Mich 313;  alternative pleading is bad for uncertainty, which is an objection of substance:  Steph. Pl. (9th Am. ed.) 388; 1 Chitty Pl. (14th Am. ed.) 236; opinions as to damage done to land are inadmissible:  *Clark v. Field* 42 Mich. 342; *Prosser v. Wapello County* 18 Ia. 327; *Blair v. Mil. etc. R. R. Co.* 20 Wis. 262; *Mitchell v. Allison* 29 Ind. 44; *Howell v. Medler* 41 Mich. 641.

*Crocker & Hutchins* for defendant in error.   A declaration that is defective in form should be demurred to unless defendant waives the defect: *Van Middlesworth v. Van Middlesworth* 32 Mich. 183; *Huntress v. Burbank* 111 Mass. 213; *Shawmut Ins. Co. v. Stevens* 9 Allen 332; *Upham v. Damon* 12 Allen 98; a ditch that has been in use as a neighborhood drain is subject to the same rules as other water courses: *Freeman v. Weeks* 45 Mich. 335.

CAMPBELL, J.  Hartsig obtained judgment against Enright before a justice of the peace in Macomb county for overflowing his lands by stopping up a ditch that had been dug many years before by plaintiff and previous owners of the adjacent lands by common consent, and used ever since. The case was appealed to the circuit court where he prevailed again.   It is now brought up on error.

An objection is made to the declaration as not full enough.*   We think it contains every substantial allegation

---

*IN JUSTICE'S COURT.

WILLIAM HARTSIG ⎫
         vs.           ⎬ *Before John Hartman, justice of the peace in and for*
JAMES ENRIGHT.   ⎭          *the county of Macomb.*

County of Macomb, ss.   William Hartsig, plaintiff, complains of James Enright, the defendant herein, in a plea of trespass on the case. For that whereas the defendant on to wit, the 14th day of July, at the township of Warren, and county aforesaid, dammed up, or caused to be dammed up and stopped a certain ditch upon a road or way situate and being on the southwest quarter of section ten, township of Warren, county of Macomb.   Said road or way was laid out by the commissioners of highway of the township of Warren, they causing the same to be

necessary to show the plaintiff's cause of action, and that the objection has no force. If demurred to it could only have been on technical grounds, which would not affect its sufficiency in matters of substance.

The testimony concerning the amount of damage was largely matter of opinion, and could only be got at by the good judgment of those acquainted with the premises and surroundings. In actions for damage to crops and similar injuries such opinions, based on sufficient facts, are always admitted, and there was no error, after the witnesses had shown the extent of mischief and their examinations of the premises, in receiving their several estimates. It is difficult to see how else any light could be given to the jury on matters not capable of such a description as would enable them to tell anything about the losses of plaintiff without such opinions. None but eye-witnesses could have made any safe estimate.

---

surveyed, recorded or filed in the office of the clerk of said township of Warren, more than twenty years before the commencement of this suit, as a reference to the survey and books of the clerk will more fully appear to this court, and are evidence thereof. Said road is open or opens on the center line road, or highway; thence running east by or adjoining lands now occupied by the plaintiff upon the south and northeast, and on the north by lands occupied by the defendant, in section ten, in both instances for farming purposes. On said road a ditch was dug, part of the way on the south side of said road, thence crossing said road to the north side, and emptying into center line road ditch. The lands on this road, adjoining where said ditch is located, are flat, low lands. Said ditch was made more than twenty years before the commencement of this suit, to take the surface water off from the lands of the plaintiff, and has been in use for that purpose more than twenty years last past. Said road and ditch are a necessity to the plaintiff; without the road the plaintiff cannot get to the lands east and north of said road, and without the ditch he cannot till and crop said lands. Yet the said defendant, well knowing the facts in the premises, has wrongfully and unjustly dammed, or caused to be dammed or stopped, said ditch upon said road, or way; and by so damming, or procuring the same to be dammed to be done, said surface water has flooded the land of the plaintiff on the south and northeast of said road, to the great injury, loss and damage of wheat and grass, and increase of work and labor to crop the same.

Damage of wheat, thirty dollars.
Damage of grass, forty dollars.
Damage of work and labor, fifteen dollars.

And whereas at the time of the commencement of this suit and before, plaintiff had the right and did use said right to the road and ditch more than twenty years before the commencement of this suit; and others

It is lastly insisted that the case should have been taken from the jury for want of evidence that defendant had any hand in the mischief. It appears that his wife and young son were the persons seen in the act of filling up the ditch. But it appears that when plaintiff opened small trenches to let off the water into the main ditch below the obstructions, defendant not only filled them up again, but threatened the persons who were sent to re-open them. It also appears that he asserted his purpose not to allow the main ditch to be cleared out for less than $1500.

We think there was enough to go to the jury on the question whether his wife and child were acting independently. The rules of law protecting the confidences of husband and wife make it difficult to determine such questions as arose here except by circumstances. There was some evidence that he knew where she was when she was at work. There was evidence that he approved the work and was unwilling to have it undone. There was evidence that he actively

---

used and enjoyed said right and use of said road and ditch, even before said plaintiff.

And whereas, also, the said defendant gives out and insists before and since the commencement of this suit, that the plaintiff shall not take or run water along said road in said ditch above set forth, he, the said defendant, well knowing that the plaintiff has no other way to get said surface water from said lands, also well knowing that the plaintiff cannot get to and from said lands only by and upon said road; also, well knowing that without the use of said ditch the plaintiff cannot crop said lands; the defendant well knowing all the facts and circumstances in the premises, yet the said defendant interrupts the plaintiff in the use of said road and ditch aforesaid, to the great annoyance of the plaintiff, and in the loss, injury, destruction of wheat and grass, rotting and spoiling upon said lands, through the flowing of said lands by the outrageous conduct of the defendant in interrupting a personal right and use of both road and ditch which was enjoyed by the plaintiff and by others before the plaintiff, and also, before said defendant came into the township of Warren, or the county of Macomb. Yet the said defendant, well knowing the premises, has wantonly and without cause or provocation of any kind repeatedly and at divers times, both before and since the commencement of this suit (and it must be out of ill-will) injured, obstructed and otherwise interfered with the personal rights of the plaintiff. Wherefore the plaintiff saith that he is injured and hath sustained damage to the amount of one hundred dollars or under, and therefore he brings suit.

WILLIAM HARTSIG, Plaintiff.

Dated at Warren this 21st day of July, A. D., 1880.

prevented plaintiff from draining into the same ditch by filling up his trenches. We think the jury had testimony which entirely justified their finding.

The judgment must be affirmed with costs.

The other Justices concurred.