THE CITY OF DETROIT v. ELIZABETH ROBINSON, ANNA E. ROBINSON, ET AL.

*Condemnation proceedings—Opening street—Parties—Damages.*

1. It is a complete answer to an objection that the owners of certain coal sheds, situated on lands sought to be condemned for street-opening purposes, are not made parties to the proceedings, that the petitioner has settled with such owners, and obtained all of their interest in the sheds.

2. Where the object of a condemnation proceeding, as expressed in the petition, is to form one continuous street of uniform width, the fact that certain portions of the proposed street are called by different names does not render separate proceedings necessary for each named street.

3. In a proceeding to condemn a portion of a vineyard, one witness testified that $20,000 worth of wine was produced annually from the vines on the land affected by the proceeding, which testimony was uncontradicted. And it is held that that fact would not justify the court in instructing the jury that they must accept the statement of the witness as a fact, as, in the absence of testimony showing the cost of cultivation or of manufacturing the wine, they had no sufficient *data* from which to estimate the damage caused by the destruction of the vines.

Appeal from recorder's court of Detroit. (Chambers, J.) Argued October 13, 1892. Decided November 4, 1892.

Condemnation proceedings. Respondents Robinson appeal. Award confirmed. The facts are stated in the opinion.

*Frank A. Rasch* and *Henry A. Mandell* (*John J. Speed,* of counsel), for petitioner.

*Washington I. Robinson* (*Edwin F. Conely* and *Allan H. Frazer,* of counsel), for appellants.

GRANT, J. This is a proceeding by the city of Detroit to condemn lands for street purposes.

In the resolution of the council, and in the petition, the improvement prayed for is described as follows, viz.:

"A public improvement, to wit, the opening, widening, and extending of Warren avenue and Plymouth avenue, so that the same shall be of the uniform width of 100 feet from Grand River avenue to the westerly city limits."

The petition then gives the different parcels of land desired for the purpose, and the names of the owners. A small piece of land belonging to the respondents the Robinsons was condemned, and damages awarded at the sum of $4,850. This land, with other land, was used by the respondents as a vineyard, and was claimed to be very valuable for that purpose.

1. Certain parties who owned some coal sheds situated upon the land of one of the railroad companies were not made respondents; and it is therefore insisted that the proceedings must fail, inasmuch as these sheds, or part of them, are within the proposed street, and that all owners of property interested should be made parties. The complete answer to this claim now is that the petitioner has settled with the owners of these sheds, and, so far as they are concerned, has obtained all their interest.

2. It is next insisted that the proceeding is fatally defective in that two public improvements are attempted to be made in one proceeding. We do not think the objection well taken. The improvement, when made, will

constitute Warren and Plymouth avenues a continuous street. This continuous street was to be rendered uniform in width by the proposed improvement. It is not necessary in these proceedings that all the pieces of land to be taken should be contiguous. The object of the proceeding, as expressed in the resolution and petition, was to form one continuous street of uniform width. In such case the fact that different portions of the same highway are called by different names does not render separate proceedings necessary for each named street. We therefore think that this proceeding was properly treated by the petitioner as one improvement.

3. The respondents insist that the award of damages was inadequate. Witnesses for the petitioner valued the respondents' land at from $2,000 to $2,500 per acre. Forty-seven one hundredths of an acre was taken. These witnesses did not include in their values the value of the grape vines destroyed. One witness for the respondents testified that 400 vines would be destroyed or rendered useless by the improvement; that the wine manufactured from the grapes sold for $1.50 per pint; and that each vine produced annually $50 worth of wine. This would make the gross value of the wine produced from these 400 vines $20,000 annually. A witness for the respondents testified that these vines were worth $10 apiece. Other competent evidence was given as to their value, age, and condition. But the respondents insist that they were of peculiar value, and therefore that those witnesses, who had knowledge of grape culture and the value of grapevines, were not competent to testify in regard to them. We think the testimony was competent, and that the weight to be given to it was for the jury. The fact that no witnesses contradicted the one who testified that $20,000 worth of wine was produced annually from these vines would not have justified the court in saying that that

should be accepted by them as a fact. If that amount of wine had been produced, still the jury would have had no sufficient *data* from which to estimate the damage on account of the destruction of the vineyard, because the respondents gave no testimony showing the cost of cultivation or of manufacturing the wine. According to the testimony of the petitioner, the land was worth about $934, and therefore the respondents received about $10 per vine.

We find no error upon the record, and the award is confirmed.

The other Justices concurred.