LONG v. PRUYN.

1. SALE OF FRUIT TREES — BREACH OF WARRANTY — PLEADING — EVIDENCE.

   A declaration alleging that plaintiff purchased Fox Seedling peach trees of defendant on the latter's representation that they would bear "a large white, bright peach, good sellers," but that defendant furnished such seedlings of an inferior and worthless variety, justifies proof that, though Fox Seedlings were delivered, they bore a worthless peach.

2. SAME.

   A contract to furnish fruit trees of a certain variety, or another variety equally good, is broken where an inferior variety of trees is substituted, and their acceptance induced by misrepresentation.

3. JUDICIAL NOTICE—GOOD HUSBANDRY.

   Judicial notice cannot be taken that it is not good husbandry to plant crops in a young orchard.

4. WITNESSES—COMPETENCY—VALUE OF LANDS.

   A witness, otherwise competent, is not disqualified to express an opinion as to the value of fruit lands by the fact that he knows of no sale of such lands having been made.

5. SALE OF FRUIT TREES—BREACH OF WARRANTY—DAMAGES.

   Where fruit trees are purchased and set out, and, on commencing to bear, are found to be of a variety inferior to that contracted for, the measure of damages is the value that would have been added to the land if the trees had been of the variety ordered.

6. SAME—EVIDENCE.

   On the question of the extent to which lands would have been enhanced in value if set out to fruit trees of a given variety, it is competent for witnesses to testify as to what such trees ordinarily produce, and also to estimate such enhanced value by the tree or by the acre.

7. SAME—DAMAGES—INSTRUCTIONS.

   Where, in an action to recover damages for furnishing fruit trees of a variety inferior to those ordered by plaintiff, it appeared that after the trees began to bear, and before the commencement of suit, some of them were killed and others

injured by the cold, an instruction that such fact might be considered by the jury as bearing upon the value that the trees would have been to the premises if of the variety ordered, and as therefore affecting the damages sustained, was sufficiently favorable to defendant.

Error to Kent; Perkins, J. Submitted May 10, 1901. Decided July 19, 1901.

*Assumpsit* by Peter D. Long against John Pruyn for breach of warranty on a sale of fruit trees. From a judgment for plaintiff, defendant brings error. Affirmed.

*Crane, Norris & Drew*, for appellant.

*McKnight & McAllister*, for appellee.

HOOKER, J. The plaintiff, a farmer, bought peach and apple trees from the defendant, and set them upon his farm. This action is brought to recover damages arising from the delivery of trees of different variety and inferior quality to those contracted for. From a verdict of $975 in favor of the plaintiff, the defendant has appealed.

Among the trees contracted for were 25 Fox Seedlings and 50 Canada Reds. The testimony showed that the former were represented to "bear a large white, bright peach, good sellers," but that, although Fox Seedlings were delivered, they did not bear such, but bore an inferior and worthless peach. As to the Canada Reds, it showed that trees labeled "Smith Cider" were substituted under a clause in the contract permitting other trees of equally good variety to be substituted where trees ordered could not be furnished, and that the fruit borne by these was inferior and worthless. It is claimed by appellant's counsel that the declaration does not contain allegations justifying this proof; but we find in the declaration the allegations that it was represented that the Fox Seedlings would "bear a large white, bright peach, good sellers," and that "in place of the 25 Fox Seedling trees, standard, defendant delivered Fox Seedling trees of a poor variety,"

and "that all of said trees were inferior and worthless varieties, and absolutely of no value," etc. It was proper to prove these allegations, and the evidence fairly tended to do so. The proof of a substitution of an inferior quality for Canada Reds, and their acceptance under misrepresentation, showed a breach of the promise to furnish "Canada Reds or an equally good variety."

There is no occasion to discuss the proof tending to show care in the setting and attending said trees. There is sufficient proof upon the subject to make it a question for the jury. We cannot take judicial notice that sowing oats or planting corn in the same field was not good care, nor can we decide how far, if at all, proper care would make poor varieties bear good fruit.

Counsel make a wholesale assignment of error in the "admission of the testimony of each and every witness as to the value of the land, inasmuch as they did not show that they were qualified to express an opinion of the value of lands." We think the testimony was admissible, under the authorities cited in plaintiff's brief, although witnesses testified that they knew of no sale of fruit lands. *Stone* v. *Covell*, 29 Mich. 359; *Carter* v. *Carter*, 36 Mich. 207; *Enright* v. *Hartsig*, 46 Mich. 469 (9 N. W. 496); *City of Detroit* v. *Robinson*, 93 Mich. 428 (53 N. W. 564); *Heilman* v. *Pruyn*, 122 Mich. 301 (81 N. W. 97, 80 Am. St. Rep. 570); *Angell* v. *Pruyn*, 126 Mich. 16 (85 N. W. 258).

In the case of *Heilman* v. *Pruyn*, *supra*, the court instructed the jury that "the measure of damages was the value that would have been added to the premises if the trees had been of the varieties ordered." This was sustained as a correct rule by this court, and it is the rule laid down by the learned circuit judge in the case now before us.

It is said that there was no evidence to enable the jury to find the value of the land. There was testimony of some witnesses as to their opinion of the value of the land, and how much it would be enhanced by the addition of such trees. Some estimated by the tree; others, by the

acre. There was also testimony as to what such trees would ordinarily produce. All could be made use of by the jury to perform their function of determining the added value. It is said that the witnesses were asked to state the value of the trees; but the record shows that they were asked and gave the added value at so much per tree, and we do not find the testimony complained of.

Testimony was offered to show that, after these trees came into bearing, a hard winter killed many of them, and it is claimed that the same fate would have befallen them had they been good varieties, and that the fact was important by way of mitigation of damages. No exception appears to have been taken to the ruling.[1] The same question arises upon the charge. The charge was as favorable to the appellant as it should have been under the testimony. See *Heilman* v. *Pruyn, supra ; Angell* v. *Pruyn, supra.*

Some minor points are raised relating to the cross-examination of the defendant, which we think do not call for elaboration.

We find no error, and the judgment is affirmed.

The other Justices concurred.

---

[1] The error assigned was on a remark of the court; the testimony was admitted.