McCORMICK *v.* BRADBURY.

1. FRAUD—EVIDENCE—MEASURE OF DAMAGES—MARKET VALUE.
   Upon an issue of fraud in selling certain land to plaintiff, evidence as to the value of the land was admissible to fix the measure of damages and ought not to have been excluded.[1]

2. SAME—WITNESSES—COMPETENCY.
   The testimony of a witness who stated that he did not know the market value of the property was erroneously admitted to prove its value.

Error to Kent; Brown, J. Submitted June 29, 1915. (Docket No. 113.) Decided July 23, 1915.

[1]As to measure of damages for fraudulent representations in sale or exchange of real estate, see notes in 8 L. R. A. (N. S.) 804; 16 L. R. A. (N. S.) 818.

Case by Bella McCormick against Ivor C. Bradbury for fraud. Judgment for plaintiff for an insufficient amount, and she brings error. Reversed.

*Corwin & Souter*, for appellant.
*Eastman & Eastman*, for appellee.

KUHN, J. The plaintiff, who, with her sister Rebecca, resided at Peru, Ill., where they own and manage a farm, brought this action to recover damages because of certain fraudulent representations alleged to have been made by the defendant, which resulted in the purchase by her of certain lands near Oldham, S. D. The defendant, who lived at Oldham, S. D., removed to Grand Rapids, Mich., where this suit was brought. The jury found for the plaintiff, but assessed her damages at $200, and the plaintiff has appealed for the reason that the damages are inadequate. It is her claim that the land is poor and almost worthless, and her damage was not less than $1,600, according to the great weight of the evidence.

The question of the value of this land became one of the vital issues in the case, and witnesses were sworn on behalf of both plaintiff and defendant, who testified as to its value. The deposition of Andrew Olson, a witness produced on behalf of the plaintiff, was offered, which read as follows:

"I live one mile south and three-quarters of a mile west from Oldham. I lived there in 1881, and lived there ever since, except one year. I have seen the Vermillion Flats a good many times and have traveled across it. This particular land lies 40 acres north and 120 acres south of the road lying west of Oldham and is 80 rods wide and 1 mile long. The Drilling property lies on the south and west of the south 40. I have had occasion to be over that property several times this year.

"Q. What would be the market value of that land in 1905 and 1906? (Objected to as incompetent and

187 Mich.—33.

no foundation laid and witness hasn't stated his competency to testify as to the value of the land lying down in the flats.)

"*A*. The only way I could tell would be to put the value on it by what the other land right around there sold at.

"*Q*. By using that as a basis, what it sold at around there, what would you say the land was worth? (Objected to as no foundation laid, and witness by his testimony shows that he is incompetent to say what price it would be worth during 1905 and 1906.)

"*Mr. Walker:* I think that the objection that is made there on the record is well taken because it says no foundation is laid, and the witness by his testimony shows that he was incompetent to say what it would be worth during 1905 and 1906.

"*The Court:* Evidently the questions have to be taken for what they are fairly worth. Here the deposition is not very full on the subject. Probably if the witness was here we would require more showing, but I will take the answer to the question.

"*A*. $1,600 for 160 acres.

"*Q*. Mr. Bradbury bought that land in 1905 for $1,-900; do you think he paid all it was worth?

"*A*. Indeed he did.

"*Mr. Walker:* I move to strike out that answer.

"*The Court:* I think I will let the answer stand."

Subsequently, on motion of counsel for defendant, the court struck all this testimony from the record. This is assigned as error, and we are of the opinion, in view of the fact that the measure of damages really turned upon the value of this land, that the exclusion of this testimony, which was favorable to the plaintiff's theory, must be said to have been prejudicial error. That the evidence was admissible we think is clear under the rule laid down in *Stone* v. *Covell*, 29 Mich. 359. See, also, *Wallace* v. *Finch*, 24 Mich. 255, 257, where this court said:

"The witness was a farmer who had then resided in the vicinity of the property for several years, and was well acquainted with it. He owned a piece of land

near these premises, and had known of the sale and purchase of lands near by. Nothing more was needed to show that he was competent to testify respecting the value of the premises."

Error is also assigned because the court admitted the testimony of one Patrick C. Murphy, which was taken by deposition, and read as follows:

"I live three miles north of Oldham, in Whitewood township. I have lived there 33 years. My business is farming. I have been on the township board as assessor in Whitewood township. I think it was 5 years the last time, 2 years before. About 7 or 8 years altogether. I am not assessor now. I was not assessor of the township in 1905 and 1906. Beginning in 1907, I was assessor for 5 years. I am acquainted with the Bella McCormick land. I know where it is and am familiar with it. I think it was assessed at $8 per acre in 1907. I cannot swear to it.

"*Q.* What was the basis of value in the assessment?

"*A.* One-third.

"*Q.* What was the basis of the value as compared between the assessed value and market value of land during those years?

"*A.* I don't know. In the assessment of this land in the years subsequent to this, I assessed it at one-third of its value, to the best of my knowledge. I think it was assessed at $8.50 in the year 1908.

"*Q.* Are you acquainted with the market value of land in that vicinity?

"*A.* Well, I do not know.

"*Mr. Corwin:* I object to all the testimony of the witness and move to strike it out, for the reason that he does not show himself competent to testify. I move that it be stricken out, because he says he does not know the market value.

"*The Court:* It may stand for what it is worth, taking all he says about what he knows as showing how much convincing force there is in it.

"*Mr. Corwin:* An exception."

The witness having testified that he did not know the market value of the land, we do not think this testimony was admissible. We should have hesitated to

reverse the case if this was the only error alleged, because the jury were instructed that it should stand for simply what it was worth.

In view of the fact that the case will have to be sent back for a new trial, it is unnecessary to consider whether or not the verdict was contrary to the great weight of the evidence, which question is raised by proper assignment of error.

The judgment will be reversed, and a new trial granted as to all the issues involved.

BROOKE, C. J., and STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice McALVAY took no part in this decision.