## PLANTENGA *v.* GRAND RAPIDS TERMINAL RAILWAY CO.

1. RAILROADS—HIGHWAYS AND STREETS—DAMAGES—NUISANCE.

   A railroad located in a public street with the permission of competent municipal authorities is not a nuisance to abutting property owners, though they have not received any compensation for injury to their land.

2. SAME—DAMAGES—EMINENT DOMAIN.

   In an action for wrongfully constructing a railway track in a public street, without complying with 2 Comp. Laws 1915, § 8243, the elements of plaintiffs' damages would not be different than in the case of proceedings for the

condemnation of a right of way, and consist in the reduction of rental value.

3. SAME—VALUE—EVIDENCE.

And where defendant railroad company sought to show that while the property had decreased in value for residential purposes for which it had previously been used, the value for manufacturing or business purposes had increased, the trial court correctly held that the evidence should be excluded and plaintiff's recovery should rest on the decrease in rental value for the purpose for which it had been employed.

4. SAME—DAMAGES.

A verdict of $1,000, under the evidence, *held*, to be not excessive or unreasonable in amount.

KUHN and BROOKE, JJ., dissenting.

Error to Kent; McDonald, J. Submitted June 18, 1915. (Docket No. 74.) Decided March 31, 1916.

Case by Peter Plantenga and another against the Grand Rapids Terminal Railway Company, a corporation, and another, for damages for the construction of a railway upon a public street opposite plaintiff's premises. Judgment for plaintiff. Defendant brings error. Affirmed.

*Clapperton; Owen & Hatten* (*L. C. Stanley*, of counsel), for appellants.

*Hatch, McAllister & Raymond*, for appellees.

OSTRANDER, J. Believing that my Brother KUHN has reached a wrong conclusion, I briefly state my reasons for the belief.

The railroad in the street is not a nuisance, because it is permitted to be there by competent authority. The fact that before putting it there the damages to plaintiffs were not ascertained and paid does not make it a nuisance. Payment will not transform a nuisance into a lawful structure. Therefore the idea that defendant has created a nuisance ought not to enter into

the reasoning upon which decision is based.  None of plaintiffs' land was taken or was invaded.  If plaintiffs are damaged, it must be because the use of the property is affected by a lawful, proper operation of the road.  It is laid on the side of the street opposite to their premises.  It is claimed that it affects the use to which the property had been and is devoted, namely, the use for residence purposes.  Defendants claimed that the property had no appreciable value for use as a residence and that for other, as for manufacturing, purposes, its usefulness and value was increased.  Upon the first point, or claim, the testimony presented a question of fact which was submitted to the jury.  Upon the second point, or claim, the court refused to receive testimony.

"The only question of fact," the court told the jury, "for you to consider, is whether the building and operation of this side track depreciated the value of the plaintiff's property for residence purposes."

Again, the jury was told:

"The question is, if that property had any value for residence purposes before the track was built, has that value been reduced by a proper operation of this side track in the usual way?  *  *  *  You are not authorized or permitted to take into consideration the use of the property for any other purposes except for rental purposes, rental residence purposes, and to what extent the building of the railroad depreciated the value of that property for those purposes; that is, you are not to take into consideration the value of the property for factory purposes."

Plaintiffs are contented with these instructions.  They say in the brief that they base their claim for damages "precisely on the doctrine laid down in *Keyser* v. *Railway Co.*, 142 Mich. 143 [105 N. W. 143]."  The defendants are asserting that the rule laid down is too narrow, since it prevented them from showing that the presence of the road in the street added ma-

terially to the actual selling value of the property for purposes other than residence. In argument they base their contention in this behalf on the Constitution and statute and the meaning of the words "just compensation" used in each.

The elements of plaintiffs' damages are the same in this action as they would be if condemnation proceedings had been instituted. In similar cases, while the right to recover once for all the damages sustained has sometimes been refused because of want of legislative authority to use the highway (*Hoffman* v. *Railroad Co.*, 114 Mich. 316 [72 N. W. 167]) ; *Phelps* v. *City of Detroit*, 120 Mich. 447 (79 N. W. 640]), the measure of recoverable damages has been in all the cases the reduction in rental value. No other rule for measuring the damages has been suggested. No other damages have been sustained in the instant case. Just compensation is given when the rule is applied. No reason exists, none that I can discover, for changing the rule. The court below employed it, and in doing so committed no error.

The serious question in this case relates to the amount of the recovery. The judgment is for $1,000, and it is contended that, if there is any testimony which supports it, it is nevertheless grossly excessive and contrary to the great weight of evidence. It cannot be said that the testimony relied upon by plaintiffs and criticized by defendants is incompetent. The trial judge was of opinion that the verdict was not so clearly against the weight of evidence as to justify setting it aside and, while I am impressed that it is a large verdict, I am not satisfied that the conclusion of the court was wrong.

No prejudicial error appears, and therefore the judgment must be affirmed.

STONE, C. J., and BIRD, MOORE, and STEERE, JJ., concurred with OSTRANDER, J.

KUHN, J. (*dissenting*).  The defendant Detroit, Grand Haven & Milwaukee Railway Company procured by ordinance from the common council of the city of Grand Rapids the right to lay and maintain a railroad track in Bond avenue opposite and in front of the plaintiffs' premises, with the right and privilege of operating trains on said track between the hours of 11 o'clock p. m. and 5 o'clock a. m.

Subdivision 5, § 6234, 2 Comp. Laws (2 Comp. Laws 1915, § 8243) (section 6587, 3 How. Stat. [2d Ed.]), after providing the manner in which a railroad company shall obtain possession to lay a railroad track in a public street, provides:

"But such railway shall not be constructed upon any public street, lane, alley, highway, or private way until damages and compensation be made by the railroad company therefor to the owner or owners of property adjoining such street, lane, alley, highway, or private way, and opposite where such railroad is to be constructed, either by agreement between the railroad company and each owner or owners, or ascertained as herein prescribed," etc.

The railroad company, ignoring this statute, claiming that the plaintiffs in fact suffered no damages, constructed the railroad on the street opposite plaintiffs' premises without paying the plaintiffs any damages or taking any steps as provided by the statute to ascertain whether there were any damages. Thereupon the plaintiffs brought this action to recover their damages, which resulted in a verdict for the plaintiffs in the sum of $1,000, upon which judgment was duly entered.

The questions which are raised by the assignments of error relate to the charge of the court with reference to the measure of damages and the competency of witnesses sworn in relation thereto. The trial judge charged the jury that:

"If the plaintiffs are entitled to recover, they should recover the difference between the value of the premises for residence purposes before the track was built and the value of the premises for residence purposes after it was built.  *  *  *  The question is, if that property had any value for residence purposes before the track was built, has that value been reduced by a proper operation of this side track in the usual way?"

The defendants claimed that the plaintiffs' property had no value whatever for residential purposes at the time the railroad was constructed, and insisted on the right to show that the property had increased in value for other and different purposes, eliminating the building therefrom.

The plaintiffs by their declaration, seek to recover various kinds of damages, viz., damages to the sale or market value of the property itself, damages by diminishing the rental value of the premises, and damages because of inconvenience and annoyance. For they say therein:

"The property of the said plaintiffs as aforesaid has become and is practically worthless for the use and purpose of a dwelling house, and that the said building as an apartment house has become and is worthless, and of no value whatever as an apartment house and dwelling, on account of the erection of said railroad track of the said defendants in front of the said plaintiffs' premises as aforesaid, and the rental value of said dwelling has been thereby totally and permanently destroyed, all to the damage of the said plaintiffs $6,-000; and the said plaintiffs and their tenants are also put to the inconvenience, annoyance, and discomfiture of the noises arising from the operation of the said railroad, and the ringing of bells and the puffing of the engines, and the squeaking of the cars, and the smoke, cinders, and odor arising therefrom, and the vibration occasioned to the building on said plaintiffs' property by the trains passing along in front of said property, to the damage of the plaintiffs $2,000—all to the damage of said plaintiffs in the sum of $8,000, and therefore they bring suit, etc."

It is the claim of defendants' counsel that in ascertaining what the "just compensation" is that is provided for by section 1 of article 13 of the State Constitution, they should be allowed to show as against the damages claimed any benefits which the construction of the railroad might cause to the property. There is some confusion among the authorities as to this doctrine as to whether benefits may be set off against the damages. 2 Lewis on Eminent Domain, § 735, says:

"The prevailing doctrine is that benefits may be set off against the damages, and, if the benefits equal or exceed the damages, there can be no recovery. This is in accordance with the rule for the measure of damages usually applied in such cases."

We are of the opinion that with reference to the market or sale value of the property the court below was in error in not allowing testimony to be introduced to show in what way, if any, the property had been specially benefited by the construction of the railway, and also in narrowing the rule of damages in his charge to loss in value for residential purposes. In the consideration of this question the jury should take into account only special injuries and benefits which affect the fair cash value of the property, and, if such damages exceed such benefits, award to the plaintiffs the difference. This necessarily leads to the exclusion of those general and public benefits shared by the entire community, and limits the damages to such as are special to the property, and likewise the benefits to such as are special, though other property in the vicinity also may have been similarly benefited.

The charge given by the court follows the rule of damages approved in *Keyser* v. *Railway Co.*, 142 Mich. 143 (105 N. W. 143). In that case there was no question raised as to the sale value of the property being increased by the advent of the railroad. Undoubtedly the rule approved was proper in that case, where only

the residential use of the property was under consideration. But we are of the opinion that that case cannot be said to hold that the rule should be that narrow in cases where a claim of advantage to the property is made as in the case before us. See *Boyer & Lucas* v. *Railway Co.*, 97 Tex. 107 (76 S. W. 441) ; *Eastern Tex. R. Co.* v. *Scurlock*, 97 Tex. 305 (78 S. W. 490) ; 2 Lewis on Eminent Domain, § 736.

While it is true that actual or potential rental value has much to do in creating the sale or market value of property, loss in rental value may be separate and distinct from reduction in sale value as an element of damage. *Grand Rapids, etc., R. Co.* v. *Heisel*, 38 Mich. 62, 69 (31 Am. Rep. 306). In this case Mr. Justice COOLEY, in speaking of the rule of damages to be applied, said:

"And in such a case his injury is not confined to the inconvenience he is put to in making use of the public easement, but, as the railroad wrongfully incumbers his freehold, he may recover for any injury the incumbrance causes. The decrease in rental value and in the market value of his lot are legitimate items of damage in such a case; and so are the annoyances to business or to family occupation which the operations of the railroad company may cause."

It must be apparent that the plaintiffs might be able to show that the laying of the track had caused the market or sale value of the property to drop; also that from that time up to the commencement of the action their total rental income had been less than it would have been had the track not been laid.

In the opinion of Mr. Justice OSTRANDER the cases of *Hoffman* v. *Railroad Co.*, 114 Mich. 316 (72 N. W. 167), and *Phelps* v. *City of Detroit*, 120 Mich. 447 (79 N. W. 640), are cited to sustain his conclusion. An examination of these cases shows that in neither was the question here under discussion raised.

It appears under the authority of *Grand Rapids, etc., R. Co.* v. *Heisel,* 47 Mich. 393 (11 N. W. 212), that benefits accruing to the property from the building and the occupation of the road, if any, might be considered in reduction of damages to the rental value. However, the advantage of such benefits can only be had once, and, as the only benefits claimed here are for increased sale value, and, as we have intimated, they can be allowed as an offset against the decrease in market value, it follows that in the instant case it cannot affect the element of claimed damages as to the decrease in the rental value.

Error is assigned because the court permitted witnesses Springer, Kimes, Mulder, and the plaintiff Peter Plantenga to testify in relation to the value of the property for rental and residential purposes before the railroad was built and the value of the same after the railroad was built. It is urged as grounds for these objections that the witnesses did not show any competency to express an opinion thereon. Without setting forth the testimony of these witnesses, it appeared that they were familiar with the property in question and had sufficient knowledge of real estate and rental values in the various sections of the city to qualify them to testify under the following authorities: *Stone* v. *Covell,* 29 Mich. 359; *Carter* v. *Carter,* 36 Mich. 207; *Enright* v. *Hartsig,* 46 Mich. 469 (9 N. W. 496); *City of Detroit* v. *Robinson,* 93 Mich. 426 (53 N. W. 564); *Long* v. *Pruyn,* 128 Mich. 57, 59 (87 N. W. 88, 92 Am. St. Rep. 443); *McCormick* v. *Bradbury,* 187 Mich. 512 (153 N. W. 780). The weight to be given to this testimony was for the jury.

For the errors herein pointed out, we think it is necessary to reverse the case and grant a new trial.

Brooke, J., concurred with Kuhn, J.

The late Justice McAlvay took no part in this decision.