HOFFMAN v. FLINT & PERE MARQUETTE RAILROAD CO.

1. RAILROADS — OCCUPANCY OF STREET — CONTINUING WRONGS —
   RIGHT OF ACTION.

   The owner of a lot abutting upon a street in which a railroad
   company has laid its tracks under a mere license from the
   city, granted subject to the rights of adjacent owners, may
   recover from the company the damages accruing to him from
   year to year by reason of such occupancy of the street, al-
   though he did not own the lot when the road was constructed,
   and no rights of action have been assigned to him by the one
   who did then own it.

2. SAME—MEASURE OF DAMAGES.

   The measure of damages in such case is the depreciation in the
   rental value of the premises by reason of the occupancy of
   the street by the company.

3. SAME—STATUTE OF LIMITATIONS.

   The statute of limitations precludes a recovery in such case
   for damages accruing more than six years prior to the com-
   mencement of suit.

Error to St. Clair; Eldredge, J., presiding. Submitted
June 18, 1897. Decided September 14, 1897.

Case by John M. Hoffman against the Flint & Pere
Marquette Railroad Company to recover damages for the
unauthorized use of the street in front of plaintiff's
premises. From a judgment for defendant on verdict
directed by the court, plaintiff brings error. Reversed.

*William T. Mitchell*, for appellant.

*Stevens & Graham*, for appellee.

MOORE, J. January 7, 1884, plaintiff became the
owner of lot 43 in the city of Port Huron, lying east of
Merchant street, and between the said street and the St.
Clair river, and claims to be the owner of the fee of said
land to the center of Merchant street. In April, 1889, the
defendant company purchased the Port Huron & North-
western Railway. The last-named company built its

road in front of the lot in question in 1880.   Before doing so it obtained permission from the common council of the city of Port Huron to use the street for its railway, subject to the rights of the adjacent lot owners.   The company also procured a release from Thomas S. Skinner. Mr. Skinner had no record title to the lot, but claimed an equitable interest in an undivided five-eighths of the lot. This suit was begun May 16, 1894.   The declaration filed in the case claims damages for injuries done to said lot by reason of the unauthorized use of said street in front of said lot, which makes egress and ingress to said lot difficult, and which, it is alleged, continued from the 1st of May, 1888, from day to day, and continually, up to the time of bringing the suit.   No release was ever obtained from the owners of the record title to said lot 43 by the railroad company.   Testimony offered on the part of the plaintiff tended to show that, because of the use of the street by the railroad company, the lot has been depreciated in value $1,500.   The testimony on the part of the defendant is to the effect that it has not been depreciated at all. The testimony also shows that the lot has been in the actual and undisputed possession of the plaintiff and his grantors and their tenants for over 20 years; that, prior to plaintiff's obtaining title, it was rented to William Le Blanc, a boat builder, from year to year, and that he was still in possession, occupying for the plaintiff.   The testimony also discloses that the defendant company is now occupying the tracks in front of said lot and upon the siding on Commercial street in substantially the same manner as did the Port Huron & Northwestern Railway Company.

When the testimony was all in, the judge charged the jury as follows:

"It being established by the uncontradicted testimony in the case that the legal title to lot 43, the premises in question, at the time the Port Huron & Northwestern Railway Company, the assignor of the defendant, entered upon and laid its main track and side tracks on the front-

age of said lot on Merchant street, was in Calvin Ames, or his heirs at law, and that said title to lot 43 did not pass to the plaintiff at all until at least three years after the construction by said company of its tracks on the frontage of said lot, and the plaintiff having made no proof of any assignment to him by said Ames, or his heirs at law, of his or their rights to have or collect the damages done to them by said action of said company, or their right to compensation for said appropriation of their land, and it appearing by competent and uncontradicted evidence that the said company was licensed and authorized by the city to construct and maintain its tracks in said street, the plaintiff in this action cannot recover for the diminution of the value of lot 43 caused by said appropriation of the frontage of said lot, nor can he recover any damages for any injurious effects of the mere maintenance and use of the main and side tracks of said company in said street in the usual and ordinary way in which such tracks are used; and, as no other damage is alleged or shown, it is your duty to render a verdict in favor of the defendant, and I so instruct you to do."

The plaintiff appeals.

No copy of plaintiff's deed to lot 43 is returned with the record, but it is not questioned by counsel that plaintiff is the owner in fee of the land to the center of Merchant street, subject to the rights of the public to use it as a street. It is the claim of counsel for the defendant that a railroad, when once constructed, is of such a permanent character that it is to be presumed that it will remain permanently; that when the railroad was constructed, in 1880, whatever damages were done to the premises occurred at that time, and the owner was entitled to recover not only the damages which had then accrued, but for all that might thereafter accrue; and, as plaintiff's grantor had not assigned to him his cause of action, the plaintiff was not entitled to recover. Counsel cite in favor of this contention, *Dunlap* v. *Railway Co.*, 50 Mich. 470; *McFadden* v. *Johnson*, 72 Pa. St. 335 (13 Am. Rep. 681); 6 Am. & Eng. Enc. Law, 588, note 3; *New Jersey Central R. Co.* v. *Hetfield*, 29 N. J. Law, 206. It does not seem to us, however, that these cases meet the issue here

presented. The defendant has not taken exclusive pos-
session of a portion of plaintiff's property. Neither the
defendant nor its grantor has taken any proceedings to
condemn the right of way. The license granted by the
common council was subject to the rights of the adjacent
owners. The defendant has not acquired any right of
occupancy from the owners of the record title. In *Grand
Rapids, etc., R. Co.* v. *Heisel,* 38 Mich. 62 (31 Am.
Rep. 306), it was held that the city authorities could not
authorize a railroad company to occupy a city street with
its tracks and business without compensation to adjacent
owners; and in the same case, when it was here the second
time, reported in 47 Mich. 393, it was said:

"If the railroad company had undertaken in any legal
way to obtain the right to occupy the street previous to
1873, and had obtained a condemnation of the line occu-
pied, the question of any power to occupy a street except
for crossing, and the question what rights could be reached
and condemned under the statute, so as to give a title to
lay and use the railway there, would both become mate-
rial. It has been a matter of some difficulty to determine
how far private interests may lawfully be interfered with
when not actually granted or condemned. But there can
be no doubt whatever that any entirely unauthorized inter-
ference with any recognized right whatever is a good
ground of action. In the present case there was no lawful
occupancy or any claim of permission from the city shown
prior to 1873, and no pretense of authority from plaintiff
at any time. She has not been cut off by any supposed
grant or condemnation, and the road was laid without her
consent. She is, therefore, entitled to damages for such
injury as she has suffered from the continued aggression.
* * * It need hardly be said that nothing can be fairly
termed compensation which does not put the party injured
in as good a condition as he would have been if the injury
had not occurred. Nothing short of this is adequate com-
pensation. In the case of land actually taken, it includes
its value, or the amount to which the value of the property
from which it is taken is depreciated. * * * In cases
where damage is by injury aside from actual taking of
property, the rule has been to make the party whole as
nearly as practicable; and where it affected the rental
value or enjoyment, the same principle has been applied

as in other cases. There is no reason, and, so far as we can discern, no law, which allows the wrongdoer to cast any portion of an actual and appreciable loss on the party whom he injures. In such a case as this it is in the power of the company, and always has been, to have the compensation settled once for all, and to get any benefit which the law attaches to such a method of ascertainment. Until this is done, the possession is a continuous wrong, from which, as intimated in our former decision, the amount accruing year by year is recoverable. The following are cases where the damage done was, as in this case, distinct from the actual taking of property from the party injured,"—citing a large number of cases.

In that case the reduction in the rental value during the years sued for was regarded as a reasonable test of the amount of damages, the court saying that the reduction of rental value is a recognized element of annual damage in all cases of injuries from misuse of highways, and that there can be no question that such an occupation of a highway without authority is actionable if any actual damage ensues to the adjacent owner. The plaintiff was allowed to recover her damages for the six years prior to the commencement of the suit. We think the principle announced by the court in the *Heisel Case* should control this case. It is doubtless true that so much delay has occurred before bringing suit that the statute of limitations has run so as to prevent a recovery for damages for more than six years prior to bringing suit. We think the plaintiff should have been allowed to recover for any diminished rental value of his premises for the six years prior to the commencement of this suit.

Judgment is reversed, and new trial ordered.

The other Justices concurred.