142    143
143    ¹670
142    143
146    ³331

KEYSER v. LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

1. EMINENT DOMAIN — REMEDIES OF PROPERTY OWNER — ACTION FOR DAMAGES—DAMAGES RECOVERABLE.

Where a railroad fails to comply with section 6234, subd. 5, 2 Comp. Laws, requiring the payment of compensation by a railroad to abutting owners before constructing its road upon a public highway, and an abutting owner sues for the damages sustained, all the damages to which he is entitled, and not merely the damages which have accrued up to the time of suit brought, are recoverable in the one action.

2. SAME.

An abutter on a highway which is excluded by the description

contained in his deed can recover no damages on account of any interest in the soil of the highway, in case of the construction of a railroad on the highway.

3. Same.

In an action by an abutting owner for damages sustained by a railroad's failure to comply with section 6234, subd. 5, 2 Comp. Laws, requiring a railroad to compensate adjoining owners before constructing its road upon a highway, only such damages can be recovered as are reasonably permanent in their character and arise from the proper operation of the railroad in the usual way, not including damages resulting in inconvenience and annoyance arising from matters under the control of the railroad, such as blowing whistles, ringing bells, standing cars, etc.

Error to Lenawee; Chester, J. Submitted October 12, 1905. (Docket No. 48.) Decided December 4, 1905.

Case by Sarah Keyser against the Lake Shore & Michigan Southern Railway Company to recover damages for the use of a street in front of plaintiff's premises. There was judgment for plaintiff, and defendant brings error. Reversed.

*Weaver, Morgan & Priddy*, for appellant.

*Smith, Baldwin & Alexander*, for appellee.

Blair, J. Plaintiff brought this action under section 6234, subd. 5, 2 Comp. Laws, to recover damages alleged to have been sustained in consequence of the construction by defendant, on the public highway in front of her premises, of a Y track connecting two other tracks of defendant intersecting at right angles. The premises in question are located in the township of Tecumseh, just south of the south line of the village of Tecumseh; and it was conceded by plaintiff's counsel that the highway in question was excluded by the description in plaintiff's deed. The Y was constructed by defendant in January, 1903, under a permit from the common council of Tecumseh and the highway commissioner, but without the con-

sent of plaintiff, and without making compensation or paying damages to her, or making any provision therefor, as required by the statute. Plaintiff commenced her suit during the summer following the construction of the Y track.

The principal question in the case concerns the measure of damages. The court charged the jury, in accordance with plaintiff's theory, that "she would be entitled to recover the difference between the value of the premises for residence purposes before the railway was built and the value of the premises for residence purposes after it was built." Defendant's counsel insist that this was manifest error, since our own decisions have settled the law that in such a case as that at bar the plaintiff can only recover for the impaired rental value of the premises up to the time suit is brought, citing *Grand Rapids, etc., R. Co.* v. *Heisel*, 38 Mich. 62, 47 Mich. 393; *Hoffman* v. *Railroad Co.*, 114 Mich. 316; *Phelps* v. *City of Detroit*, 120 Mich. 447. We think the cases cited are distinguishable from the case at bar. In the *Heisel Case* there was no statutory provision for compensation or damages at the time the track was constructed. In the *Hoffman Case* the track was constructed before the plaintiff acquired his title to the lot. In the *Phelps Case* it was said:

"But counsel for defendant contend that the action is barred by the statute of limitations. The action was brought to recover for injuries sustained by the maintenance of the bridge during the period of $3\frac{1}{2}$ years previous to the commencement of suit. The position of the plaintiff is that the maintenance of the bridge is a continuing wrong or nuisance, and that, though the right of recovery for the original erection of the bridge has been lost by the lapse of time, yet the right to recover for the injury done during the last six years remains. On the other hand, counsel for defendant contend that the bridge in question is a permanent structure, and the injury to the plaintiff, if any—past, present, and future—was ascertainable and complete as soon as the bridge was completed."

In the *Heisel Case*, therefore, there was no statutory provision for compensation or damages; in the *Hoffman*

*Case* the right of action for the original construction of the railroad had never been assigned to the plaintiff; and in the *Phelps Case* such right of action for the original construction had been barred by the statute of limitations.

We think the case at bar is ruled by *Harper* v. *City of Detroit*, 110 Mich. 427. That was a proceeding under Act No. 92, Pub. Acts 1893, for the construction of a viaduct to carry a street across the railroad tracks without fixing the damages to abutting owners, either by judicial proceedings or by compromise, as required by the act. The plaintiff, who had the right of action for the original construction of the viaduct, brought suit for damages, and the proper measure thereof came under consideration. Mr. Justice MONTGOMERY, rendering the opinion of the court, says upon this subject:

"A question was raised as to whether the award of damages should be in gross or should only be for the damage which has already accrued to the use of the property. The statute of 1893 contemplates that, where such crossing is made, the damages shall be awarded once for all in that proceeding, and we think, whatever the rule might be otherwise, that, where an action is brought to recover damages for failure to comply with this statute, by analogy the rule provided by statute should control."

So in the case at bar the statute contemplates that, where a railroad is constructed upon a highway, the damages shall be awarded once for all, and, where an action is brought to recover damages for failure to comply with the statute by analogy, the rule provided by statute should prevail. It is manifest, however, that such damages should only include such as are reasonably permanent in their character, and these can only be such as arise from the proper operation of the railroad in the usual way. It is also clear that, as the highway was excluded by the description in plaintiff's deed, she can recover no damages on account of any interest in the soil thereof.

Error is assigned upon the instruction of the court that in determining the lessened value of plaintiff's premises the jury—

"Should take into consideration every inconvenience, annoyance, and discomforture which you find was occasioned by the railroad being built, and its being operated in that part of the highway in front of her premises. In determining the inconvenience, annoyance, and discomforture, if any, you will consider the noises, such as blowing of whistles, ringing bells, puffing of the engine, squeaking of the cars, the smoke, the cinders, the odor, if any, standing of cars on the track, if any, the vibration of the house occasioned by the trains passing along there on this Y, the injury, if any, to the rain water, the backing of the water upon her premises, if any, and the restricted enjoyment of the premises, such as sitting on the porch and other places—these and any other inconvenience, annoyance, and discomforture, if you find they are such, shall be taken into consideration in determining the damages of which I have spoken."

Several of the elements to be considered under this instruction would be under the control of the defendant, and it cannot be presumed that they would be permanent in their character. Such damages would not be indicated by the statutory analogy, and are inconsistent with the award of damages in gross. For any unlawful interference with plaintiff's personal or property rights, not compensated for by the award of damages for the diminished value of her premises, she would still have her remedy.

We think the court erred in giving this instruction, and for this error the judgment is reversed.

MOORE, C. J., and GRANT and OSTRANDER, JJ., concurred with BLAIR, J. MCALVAY, J., concurred in the result.