ADDISON FLOURING MILL CO. *v.* LAKE SHORE & MICHI-
GAN SOUTHERN RAILWAY CO.

1. DAMAGES — CONTINUING INJURY—WATERS AND WATERCOURSES
  —PROSPECTIVE INJURY.
    Damages are not recoverable as for a permanent injury caused
    by the construction of an embankment in a lake, and the
    diminution of the flow of water to a mill, separate actions
    being maintainable from time to time as they accrue.

2. SAME—RENTALS—MEASURE—VALUE.
    Decrease in the rental value of the flour mill is not recoverable
    in addition to the increase in cost of steam operation caused
    by the obstruction.

3. SAME—PROFITS.
    Lost profits for which the injury was not shown to be the rea-
    son are not recoverable.

Error to Lenawee; O'Mealey, J.   Submitted February
18, 1910.   (Docket No. 94.)   Decided March 5, 1910.

Case by the Addison Flouring Mill Company against
the Lake Shore & Michigan Southern Railway Company
for damages caused by an obstruction to certain water
power.   A judgment for plaintiff for an inadequate amount
is reviewed by it on writ of error.   Affirmed.

*Smith, Baldwin & Alexander*, for appellant.

*Herbert R. Clark*, for appellee.

HOOKER, J.   Devil's Lake is a lake of some size, and
the plaintiff has for many years relied upon it as a storage
pond for water for its mill.   In bringing it to its mill it has
utilized Bean creek for about two miles.   In that distance
the overflow of the creek has made three ponds, called
"Upper," "Middle," and "Lower" pond, all of which
are of some value for the storage of water.   The attached
diagram will serve to illustrate the situation.

Between the lake and the upper pond are two highways. The water from the lake passes these in iron pipes, two under each highway. The upper highway has one 48-inch and one 45-inch pipe, an aggregate capacity of 24 square feet. The next lower highway has one 48-inch and one

42-inch pipe, aggregating 22 square feet. A highway also crosses the creek between the upper and middle ponds, and this was provided with two similar pipes, 4 feet and 3 feet six inches, respectively; the capacity not being stated, but aggregating about 20 square feet. Plaintiff's mill

is shown below the lower pond. The defendant constructed its track many years ago across the lower end of the upper pond, upon a trestle. Three years ago, finding the trestle inadequate to support its trains with safety, it filled in the trestle and made an embankment, leaving an opening 75 feet wide at the top and 25 or 30 feet at the water's edge. The weight of the fill caused the bottom of the pond, which was of muck, to rise, south of the track, and it is plaintiff's claim that this impeded the flow of water to the mill, and the jury must have so found, for they found a verdict for the plaintiff, from which the plaintiff has appealed as inadequate.

Plaintiff maintains that this is a permanent injury, which has lessened the value of its property, which entitled it to sue for and collect past and prospective damages, once for all. Defendant asserts, on the other hand, that this is a continuing injury, from a cause which is not necessarily permanent, and may be abated, for which continuing injury plaintiff may have successive actions. The learned trial judge took the latter view, and allowed plaintiff the cost of supplying power to his mill up to the time of beginning the action.

The authorities are at variance as to what the rule is by which it is determined whether the right is to original or continuing damage. Valuable contributions to this subject are to be found in the cases of *Harvey* v. *Railroad Co.*, 129 Iowa, 465 (105 N. W. 958, 3 L. R. A. [N. S.] 973, 113 Am. St. Rep. 483; *Town of Troy* v. *Railroad Co.*, 23 N. H. 83 (55 Am. Dec. 177); *City of Chattanooga* v. *Dowling*, 101 Tenn. 342 (47 S. W. 700); *Uline* v. *Railroad Co.*, 101 N. Y. 98 (4 N. E. 536, 54 Am. Rep. 661). We do not feel called upon to discuss the question at length, the court being committed to the doctrine relied upon by the learned circuit judge, by the case of *Phelps* v. *City of Detroit*, 120 Mich. 447 (79 N. W. 640). This was foreshadowed in the case of *Hoffman* v. *Railroad Co.*, 114 Mich. 316 (72 N. W. 167). The cases of *Harper* v. *City of Detroit*, 110 Mich. 427 (68 N. W.

265), and *Keyser* v. *Railway Co.*, 142 Mich. 143 (105 N. W. 143), which may seem at variance with the other cases cited, turn upon statutes.

Counsel urge that the court erred in its instruction regarding the measure of damage. The plaintiff claims that it should be entitled to the diminution in rental value of the premises for the period, and also loss of profits. It has suffered no injury from a diminution of rental values because it has occupied the mill. It is possible that this fact might not be controlling, but it has apparently been able to supply the diminished power, by the use of steam, with which the mill was provided before the embankment was made. It proved and was allowed to recover the cost of supplying the power. Manifestly it should not recover both that and a diminished rental value, while to add to that a loss of profits would be unjust; it being apparent that there was no reason for loss of profits if it was able to supply the power.

Complaint is made of an alleged limitation of expense in supplying the diminished power to the items of fuel, oil, waste, and repairs on the engine. We find no such limitation in the charge.

The judgment is affirmed.

MOORE, MCALVAY, BROOKE, and STONE, JJ., concurred.