THEISEN *v.* PITTMANS & DEAN CO.

NUISANCE—PERMANENT NUISANCE—HORSE BARN.
  The erection and maintenance of a barn in which are
  stabled a large number of horses on premises adjacent
  to those used for residence purposes does not constitute
  a permanent nuisance authorizing recovery for deprecia-
  tion in value of the residence property.[1]

Error to Wayne; Van Zile, J. Submitted January 17, 1917. (Docket No. 83.) Decided March 30, 1917.

Case by Joseph P. Theisen against Pittmans & Dean Company for damages caused by the maintenance of a horse barn on premises adjoining plaintiff's property. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Eugene P. Berry* and *George W. Lehman,* for appellant.

---

[1] Authorities discussing the question as to whether a stable for horses is a nuisance are collated in notes in 17 L. R. A. (N. S.) 1025; 49 L. R. A. (N. S.) 958.

*Miller, Smith, Canfield, Paddock & Perry,* for appellee.

BROOKE, J.   This is an action of trespass on the case in which plaintiff, who was the owner of a house and lot on Baltimore avenue, between Second and Third streets in the city of Detroit, seeks to recover damages from the defendant growing out of the fact that defendant has erected and maintained, on lots immediately adjoining and west of the property owned by plaintiff, a horse barn in which defendant is charged with having stabled upwards of 50 horses. The record discloses that plaintiff bought the property in 1908 for about $5,000 and sold it in 1910 for about $3,350.   During the period of his ownership, plaintiff brought two actions against the defendant for damages to the rental or usable value of his property and recovered verdicts.

The case at bar was instituted for the purpose of recovering the difference between the market value of the property at the time it was purchased by the plaintiff and the market value at the time he sold it upon the theory that the erection and maintenance of the structure in question constituted a permanent nuisance.   The court at the close of the plaintiff's case directed a verdict in favor of the defendant upon the ground that under the facts of the case the nuisance complained of was not permanent, and therefore that depreciation in the property itself could not be recovered, and, as plaintiff did not claim anything in this action on account of the depreciation of the usable or rental value, he could not recover.

The sole question presented by appellant's four assignments of error is whether the trial court was in error in directing a verdict for defendant upon the ground that the erection and maintenance of a barn on the premises adjacent to those of the plaintiff did

not, under the authorities, constitute a permanent nuisance.

Under the decisions of our own court, we are of opinion that the action of the learned trial judge was proper. *Grand Rapids, etc., R. Co.* v. *Heisel,* 38 Mich. 62 (31 Am. Rep. 306) ; *Id.,* 47 Mich. 393 (11 N. W. 212) ; *Hoffman* v. *Railroad Co.,* 114 Mich. 316 (72 N. W. 167) ; *Phelps* v. *City of Detroit,* 120 Mich. 447 (79 N. W. 640) ; *Addison Flouring Mill Co.* v. *Railway Co.,* 160 Mich. 330 (125 N. W. 347).

Judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.