BROWNELL v BROWN

Docket Nos. 61966, 61967. Decided October 2, 1979. On application by
    plaintiffs for leave to appeal the Supreme Court, in lieu of
    granting leave to appeal, reversed the judgment of the Court of
    Appeals and remanded for a new trial.

   Harold W. Brownell, for himself and as next friend of his daugh-
      ter, Iva K. Brownell, a minor, and another daughter, Marsha
      Brownell Wolfington, brought actions for injuries arising out of
      an automobile accident against Douglas L. Brown and Shirley
      A. Brown. The car driven by Marsha Brownell, in which Iva
      was a passenger, lost control on a rural road in Ionia County,
      apparently because of a tire blowout, went off the road and
      struck a tree. All the persons in the Brownell car were injured
      and stunned or unconscious, and the rear end of the car
      extended into the northbound lane of the road. Two of the
      three passengers in the rear of the Brownell car were able to
      get out of the car and they pulled the third one out. Plaintiffs
      Marsha and Iva Brownell and Patrick McGraw remained in the
      front of the car. Defendant Douglas Brown was driving a car
      owned by his mother, Shirley A. Brown, in the northbound lane
      and struck the Brownell vehicle in the rear, causing it to crash
      into the tree again and rotate. The Ionia Circuit Court, Gerald
      T. Graham, J., acting, granted a directed verdict for the defen-
      dants on the ground that there was no evidence of a causal
      relationship between the collision with the Brown car and the
      injuries suffered by the plaintiffs. The Court of Appeals, Bash-
      ara, P.J., and M. J. Kelly and Allen, JJ., affirmed (Docket Nos.
      77-1037, 77-1038). The plaintiffs apply for leave to appeal. *Held:*

      1. The law to be applied is clear. A plaintiff need only prove
   that the second impact contributed to or aggravated the injury;
   that is, he must present proofs from which the jury could
   reasonably infer that this is the case. He need not show the
   extent of the aggravation.

      2. Looking at the evidence in a light most favorable to the
   plaintiffs, they offered proof that the second impact contributed
   to or aggravated the injury, and there should not have been a
   directed verdict. From the proofs the jury could have reason-
   ably inferred that at least some of the substantial injuries

which the plaintiffs suffered were caused by defendant Brown's negligence.

The judgment of the Court of Appeals is reversed and the case is remanded for a new trial.

*Sinas, Dramis, Brake, Turner, Boughton, McIntyre & Reisig, P.C.* (by *George T. Sinas),* for plaintiffs.

*O'Connor, McNamara & O'Keeffe* for defendants.

PER CURIAM. These negligence actions are based on the second of two successive impacts. There is no dispute that the plaintiffs were injured. The question is whether the evidence could support a reasonable inference that their injuries were aggravated by the second impact.

I

At approximately 11 p.m. on October 23, 1970, Marsha Brownell was driving her father's vehicle northbound on a rural road in Ionia County. There were five passengers, Iva Brownell and Patrick McGraw in the front, and David Lee, Mary Flores, and Richard Spaans in the rear. The speed of the Brownell vehicle was estimated at from 35 to 50 mph when Ms. Brownell lost control, apparently because of a blowout. The car's speed decreased, but eventually it went off the east edge of the road and struck a tree.

All were injured and stunned or unconscious. Spaans and Lee were able to extricate themselves from the car and pulled Ms. Flores out as well. The Brownell car was pointing northeast, with its front end up against the tree and the rear extending into the northbound lane.

Meanwhile, Douglas Brown was proceeding north on the same road in his vehicle. Spaans saw the Brown vehicle approach at 60 to 65 mph. He

waved in an attempt to warn the oncoming vehicle. When Spaans realized that Brown would not stop, he ran to the left side of the Brownell vehicle. Brown struck the Brownell vehicle in the right rear; damage to the Brown vehicle went from the right rear door to the rear. Spaans testified that the collision caused the Brownell vehicle to crash into the tree again and rotate. He was struck by the rotating vehicle, fell and broke his ankle.

Marsha Brownell and Iva Brownell sued Brown and his mother, who owned the car, for damages for their injuries, and their father sought recompense for his minor daughters' medical bills. After several days of jury trial, the circuit judge directed a verdict in the defendants' favor; he said:

"The record is completely devoid of evidence to indicate a causal relationship between the collision and the subsequent suffered injuries by the plaintiffs."

The Court of Appeals affirmed.

## II

The law to be applied is clear:

"It is our conclusion that if there is competent testimony, adduced either by plaintiff or defendant, that the injuries are factually and medically separable, and that the liability for all such injuries and damages, or parts thereof, may be allocated with reasonable certainty to the impacts in turn, the jury will be instructed accordingly and mere difficulty in so doing will not relieve the triers of the facts of this responsibility. This merely follows the general rule that 'where the independent concurring acts have caused distinct and separate injuries to the plaintiff, or where some reasonable means of apportioning the damages is evident, the courts gener-

ally will not hold the tort-feasors jointly and severally liable.'

"But if, on the other hand, the triers of the facts conclude that they cannot reasonably make the division of liability between the tort-feasors, this is the point where the road of authority divides. Much ancient authority, not in truth precedent, would say that the case is now over, and that plaintiff shall take nothing. Some modern courts, as well, hold that this is merely the case of the marauding dogs and the helpless sheep [*Adams v Hall,* 2 Vt 9 (1829)] relitigated in the setting of a modern highway. The conclusion is erroneous. Such precedents are not apt. When the triers of the facts decide that they cannot make a division of injuries we have, by their own finding, nothing more or less than an indivisible injury, and the precedents as to indivisible injuries will control." *Maddux v Donaldson,* 362 Mich 425, 432-433; 108 NW2d 33 (1961).

Justice BLACK added:

"Now we affirm that, where the trier or triers of fact find they cannot ascertain the amount of damages each wrongdoer has inflicted, then such trier or triers are authorized to assess the plaintiff's damages against any one or all of such wrongdoers on ground that the latter have—in law—participated in the infliction of 'a single, indivisible injury.' " 362 Mich 450-451.

Earlier, Chief Justice DETHMERS in *Meier v Holt,* 347 Mich 430, 448; 80 NW2d 207 (1956), said for the Court:

"If there is competent evidence showing, or from which a reasonable inference may be drawn, that the negligence of the second tort-feasor was a proximate cause of plaintiffs' injuries or any part or aggravation of them, that evidence should go to the trier of facts for determination, no matter how difficult, of that question of fact and, if it finds in the affirmative, for determining which or what part of them and fixing the amount of

the damages. (Cases above cited.) If there is no such evidence, the case should not go to a jury to guess or speculate on the question, but, instead, the case should be dismissed by the court as to the second tort-feasor. *Whether there is such evidence is not a question of fact for the jury, but of law for the court.*" (Citations omitted.)

## III

Thus a plaintiff need only prove that the second impact contributed to or aggravated the injury; that is, he must present proofs from which the jury could reasonably infer that this is the case. He need not show the extent of the aggravation. The plaintiffs in this case offered those proofs and the directed verdict should not have entered.

We must look at the evidence in a light most favorable to the plaintiffs. The Brownell car crashed into the tree at a moderate speed, the back-seat passengers were able to extricate themselves and go for help. The front-seat passengers were unable to assess their injuries. The Brown vehicle was traveling fast. The collision caused the Brownell vehicle to crash into the tree a second time and to rotate. Photographs of Brown's vehicle show substantial damage to the right rear of the car, from which the jury could infer that the vehicle hit with great force and the impact was substantial. From these proofs the jury could have reasonably inferred that at least some of the substantial injuries which the plaintiffs were later found to have suffered were caused by Brown's negligence.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgments of the Court of Appeals and the circuit court and

remand the case to the Ionia Circuit Court for a new trial.

Costs to the plaintiffs.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.