REEDER v HAMMOND

Docket No. 60677. Submitted November 17, 1982, at Detroit.—Decided March 15, 1983. Leave to appeal applied for.

Nancy and Edward Reeder, individually and as parents and next friend of Bonnie Reeder, filed a products liability action against Ronald G. Hammond, M.D., Pennwalt Corporation, Wyeth Laboratories and others in Wayne Circuit Court alleging that Hammond prescribed birth control products manufactured by Pennwalt and Wyeth to Mrs. Reeder during the early stages of her pregnancy with Bonnie and that, as a result of Mrs. Reeder's taking the drugs, Bonnie was born with various birth defects, including mental retardation and blindness. Defendants moved for summary judgment on the grounds that plaintiffs had failed to state a claim upon which relief could be granted and that there was no genuine issue of material fact. The court, Michael L. Stacey, J., granted summary judgment in favor of Pennwalt and Wyeth only. Plaintiffs appeal. *Held:*

1. Plaintiff's complaint does state an actionable claim against Pennwalt and Wyeth with regard to their alleged failure to adequately warn the treating physician, Dr. Hammond, of the risks involved in taking their products while pregnant but does not state an actionable claim against Pennwalt and Wyeth with regard to their failure to directly warn Nancy Reeder.

2. A genuine issue of fact exists with regard to the adequacy of Pennwalt's physician warning describing the risks associated with the use of Pennwalt's product during pregnancy.

3. No genuine issue of fact exists with regard to the adequacy of Wyeth's physician warning. The trial court did not err in granting summary judgment in favor of Wyeth on this issue.

4. The question of whether Pennwalt's liability for the inadequacy of its physician warning with regard to its product is

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 5 Am Jur 2d, Appeal and Error § 876 *et seq.*

[1, 2, 4] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 230 *et seq.*

[3] 63 Am Jur 2d, Products Liability §§ 42-61.

Liability of manufacturer or seller for injury or death allegedly caused by failure to warn regarding danger in use of vaccine or prescription drug. 94 ALR3d 748.

superseded by the independent, intervening negligence of Dr. Hammond remains a question of fact for jury determination.

5. The trial court did not err in refusing to grant plaintiffs' motion for leave to file a second amended complaint, adding a new theory of liability against Pennwalt and Wyeth. The proffered theory of liability was without merit.

Reversed in part and affirmed in part.

1. Judgments — Summary Judgment — Failure to State Claim — Court Rules — Appeal.

The Court of Appeals when reviewing a trial court's grant of summary judgment on the ground that a plaintiff has failed to state a claim upon which relief may be granted determines whether the plaintiff's claim as set forth in the complaint is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery, with all well-pleaded facts in the complaint being accepted as true (GCR 1963, 117.2[1]).

2. Judgments — Summary Judgment — Failure to State Claim — Pleadings — Court Rules.

A motion for summary judgment on the ground that a plaintiff has failed to state a claim upon which relief may be granted tests only the legal sufficiency of the pleadings and does not test the plaintiff's ability to prove his allegations (GCR 1963, 117.2[1]).

3. Products Liability — Prescription Drugs — Duty to Warn.

A manufacturer of a prescription drug has a legal duty in Michigan to warn the medical profession of any risks associated with the use of its product; this duty does not extend to patients who use the product, and the adequacy of the warning is a question of fact, properly left to the jury.

4. Motions — Summary Judgment — Genuine Issue of Material Fact — Court Rules.

A grant of summary judgment on the ground that there is no genuine issue as to any material fact is proper only where there are no material issues of fact and the trial court may determine as a matter of law the appropriate disposition of the claim; summary judgment on this ground should not result in a trial by affidavit and deposition substituting for a trial by jury, and the courts must not make findings of fact or judge the credibility of affiants or deponents (GCR 1963, 117.2[3]).

5. JUDGMENTS — SUMMARY JUDGMENT — GENUINE ISSUE OF MATE-
   RIAL FACT — COURT RULES — APPEAL.
   The Court of Appeals is liberal in finding whether a genuine issue
   of fact exists when reviewing a trial court's ruling on a motion
   for summary judgment on the basis that there is no genuine
   issue as to any material fact (GCR 1963, 117.2[3]).

*Thomas H. Bleakley, P.C.* (by *Thomas H. Bleak-
ley), and Gagleard, Munroe, Addis, Imbrunone &
Gagleard* (by *Michael A. Gagleard),* of counsel, for
plaintiffs.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Paul S.
Koczkur* and *Dane A. Lupo),* for Pennwalt Corpo-
ration.

*Davidson, Gotshall, Kohl, Secrest, Wardle,
Lynch & Clark* (by *Konrad D. Kohl* and *Michael L.
Updike),* for Wyeth Laboratories.

Before: WAHLS, P.J., and M. J. KELLY and N. J.
LAMBROS,* JJ.

PER CURIAM. This is a products liability action
brought by plaintiffs Nancy and Edward Reeder on
behalf of themselves and on behalf of their now
five-year-old daughter Bonnie against Dr. Ham-
mond, their physician, Pennwalt Corporation, the
manufacturer of Biphetamine, and Wyeth Labora-
tories, the manufacturer of a birth control pre-
scribed to Nancy Reeder. Biphetamine and birth
control pills were prescribed for Nancy Reeder
during the early stages of her pregnancy with
Bonnie and allegedly, as a result, Bonnie was born
with various birth defects, including mental retar-
dation and blindness.

The case is before us on appeal by plaintiffs
from the trial court's granting of summary judg-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment in favor of defendants Pennwalt and Wyeth only. We reverse in part and affirm in part.

Although the trial court failed to specify with particularity the grounds relied upon in granting its order of summary judgment in relation to the differing allegations contained in plaintiffs' amended complaint, we have no difficulty in discerning that on the facts of this case its decision was rendered in part under GCR 1963, 117.2, subds (1) and (3).

In reviewing a trial court's grant of summary judgment under GCR 1963, 117.2(1), this Court determines whether plaintiffs' claim as set forth in the complaint is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. All well-pleaded facts in the complaint are accepted as true. A motion for summary judgment under GCR 1963, 117.2(1) tests only the legal sufficiency of the pleadings and does not test the plaintiffs' ability to prove their allegations. *Lompre v Venetjoki,* 76 Mich App 521; 257 NW2d 151 (1977).

In the instant case, plaintiffs argue that the trial court erred in granting summary judgment under GCR 1963, 117.2(1) since they specifically alleged in their complaint that defendants Pennwalt and Wyeth breached their duty to warn of the dangers associated with the use of their products, which breach proximately caused the injuries to plaintiffs. On appeal, as at oral argument on the motion for summary judgment, plaintiffs allege that defendants' duty to warn is owed not only to the treating physician but to the ultimate consumer as well.

In Michigan, a manufacturer of a prescription drug has a legal duty to warn the medical profession and not the patient of any risks associated

with the use of its product. *Smith v E R Squibb & Sons, Inc,* 405 Mich 79, 88; 273 NW2d 476 (1979). See also *Hasler v United States,* 517 F Supp 1262, 1268 (ED Mich, 1981). The adequacy of the warning is a question of fact, properly left to the jury. *Formella v Ciba-Geigy Corp,* 100 Mich App 649, 655; 300 NW2d 356 (1980), *lv den* 411 Mich 995 (1981). Thus, plaintiffs' complaint does state an actionable claim against Pennwalt and Wyeth with regard to their alleged failure to adequately warn the treating physician but does not state an actionable claim against Pennwalt and Wyeth with regard to their failure to directly warn Nancy Reeder.

The question remains whether there is a genuine issue of fact as to the adequacy of the physician warnings provided by both Pennwalt and Wyeth.

Under GCR 1963, 117.2(3), a grant of summary judgment is proper only when there are no material issues of fact and the trial court may determine as a matter of law the appropriate disposition of the claim. Summary judgment under GCR 117.2(3) should not result in a trial by affidavit and deposition substituting for a trial by jury, and the courts must not make findings of fact or judge the credibility of affiants or deponents. *Littsey v Bd of Governors, Wayne State University,* 108 Mich App 406, 416-417; 310 NW2d 399 (1981), *lv den* 413 Mich 882 (1982). This Court is liberal in determining whether a genuine issue of fact exists. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973).

In the instant case, both defendants allege that there is no genuine issue of fact as to whether they breached their duty to warn Dr. Hammond of the risks associated with their products since both

defendants contend that adequate warnings were given. Moreover, both defendants argue that even if the warnings were not adequate, Dr. Hammond's own negligence is an independent, intervening, superseding cause of plaintiffs' injuries.

In determining whether a genuine issue of fact exists as to the adequacy of warnings provided Dr. Hammond and other physicians by defendants Pennwalt and Wyeth, this Court must consider the affidavit of Dr. Thomans, plaintiffs' expert witness. In his affidavit, Dr. Thomans compared the 1977 labels found on Pennwalt's Biphetamine pills and on Wyeth's birth control pills. According to Dr. Thomans:

"the physician in my opinion has been sufficiently alerted to rule out the presence of pregnancy by suitable diagnostic tests before using Ovral. With respect to Biphetamine, however, it is my opinion that the labeling does not adequately alert any physician concerning the potential harm of the drug when used in women of child-bearing age."

Dr. Thomans further concluded that Pennwalt in 1977 "should have warned the medical profession that Biphetamine should not be prescribed to women of child-bearing age under *any* condition" and that this warning "should have been carried out by means calculated to reach the average American physician including Dear Doctor letters".

Based on the foregoing, it appears that a genuine issue of fact does exist with regard to the adequacy of Pennwalt's physician warning in 1977 describing the risks associated with the use of Biphetamine during pregnancy. It does not, on the other hand, appear that any genuine issue of fact exists with regard to the adequacy of Wyeth's

physician warning. Thus, the trial court did not err in granting summary judgment in favor of Wyeth under GCR 1963, 117.2(3).

Assuming *arguendo,* the inadequacy of Pennwalt's physician warning with regard to Biphetamine, the second issue to be addressed is whether Pennwalt's liability for an inadequate warning is superseded by the independent, intervening negligence of Dr. Hammond. In support of its position, Pennwalt relies upon the deposition testimony of Dr. Hammond.

In his deposition, Dr. Hammond acknowledges that in 1977, when he prescribed Wyeth's birth control pills to plaintiff Nancy Reeder, he was aware of the dangerous effects of the pill on a fetus. Dr. Hammond does not, however, describe with equal certainty his awareness of the risks associated with Biphetamine, particularly if prescribed to pregnant women. Dr. Hammond further states that, had he been provided the warnings suggested by plaintiffs' expert witness, he would not have prescribed Biphetamine for Nancy Reeder when he did. Dr. Hammond also indicated, however, that he did not believe that he had read either the Physician's Desk Reference or the package insert before prescribing the drug for Nancy Reeder.

We think it remains a question of fact for the jury as to whether Dr. Hammond's failure to read the package inserts and the PDR negates any possible liability in not providing more detailed warnings. Dr. Thomans' opinion that the warning proposed by him should have been communicated by a means apparently not utilized here raises an issue of fact as to the adequacy of Pennwalt's method of alerting physicians to the dangers of Biphetamine.

Plaintiffs finally argue that the trial court erred in refusing to grant their motion for leave to file a second amended complaint. Plaintiffs' purpose in seeking to file an amended complaint was to add a new theory of liability against Pennwalt and Wyeth. Plaintiffs believe that if they can prove that the manufacture of Biphetamine and birth control pills constitutes an ultrahazardous activity, then defendants owe a duty to the consumer to warn of any risks associated with the use of their products. Given the Supreme Court's holding in *Smith v E R Squibb, supra,* we hold that the trial court in this case did not err in refusing to grant plaintiffs' motion for leave to file a second amended complaint since the proffered theory of liability was without merit.

Reversed in part and affirmed in part.