## DENSON v GARRISON

Docket No. 79935. Submitted May 22, 1985, at Detroit.—Decided September 4, 1985.

Plaintiff, Christine Denson, was injured in an automobile accident which occurred when a vehicle driven by the defendant, Asbury Garrison, struck the rear of plaintiff's vehicle. Plaintiff thereafter brought an action in the Wayne Circuit Court seeking damages for noneconomic loss resulting from the accident. The trial court, Thomas Roumell, J., issued an order granting defendant's motion for summary judgment after holding as a matter of law that plaintiff did not suffer a serious impairment of body function. Plaintiff appeals. *Held:*

1. The trial court did not err as a matter of law in ruling that plaintiff's injuries did not constitute a serious impairment of body function.

2. A material factual dispute did not exist regarding the nature and extent of plaintiff's injuries. Thus, the trial court could rule as a matter of law that plaintiff's injuries did not meet the threshold requirement of serious impairment of body function under § 3135 of the no-fault act.

Affirmed.

1. Insurance — No-Fault Act — Tort Liability — Serious Impairment of Body Function.

Whether an injury is a serious impairment of body function under the no-fault act so as to give rise to tort liability for noneconomic loss is a question of statutory construction to be decided by the trial court; where there is no factual dispute regarding the nature and extent of a plaintiff's injuries or where a factual dispute is not material to the determination, the court must decide as a matter of law whether the plaintiff has suffered a serious impairment of body function (MCL 500.3135; MSA 24.13135).

References for Points in Headnotes

[1, 2] Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

2. INSURANCE — NO-FAULT ACT — TORT LIABILITY — SERIOUS IMPAIR-
   MENT OF BODY FUNCTION.

   An injury, in order to be considered a serious impairment of body
   function for purposes of the no-fault act, must be an impair-
   ment of an important body function, the impairment must be
   serious and the injury must be objectively manifested; the
   objective manifestation of symptoms in the form of pain is
   insufficient to meet the serious impairment of body function
   threshold; a limitation self-imposed because of real or perceived
   pain is not objective manifestation (MCL 500.3135; MSA
   24.13135).

*Kelman, Loria, Downing, Schneider & Simpson*
(by *Nicholas J. Rine*), for plaintiff.

*Peter Harrington,* for defendant.

Before: V. J. BRENNAN, P.J., and D. E. HOL-
BROOK, JR., and C. W. SIMON, JR.,* JJ.

PER CURIAM. Plaintiff, Christine Denson, appeals
as of right from Wayne County Circuit Court
Judge Thomas Roumell's July 25, 1984, order
which granted defendant summary judgment pur-
suant to GCR 1963, 117.2(3). Judge Roumell held
as a matter of law that plaintiff did not suffer a
serious impairment of body function. On appeal,
plaintiff asserts that the lower court erred because
she suffered objectively identifiable injuries to the
musculature of the neck and upper back, causing
her to become disabled and to give up important
regular activities.

Plaintiff was injured on October 20, 1982, when
defendant struck the rear of her vehicle while she
was stopped in traffic. Plaintiff declined medical
treatment at the scene and proceeded to take her
automobile to a car dealership where she called a
relative to pick her up. She went home and went

* Circuit judge, sitting on the Court of Appeals by assignment.

to bed. The next day she commenced treatment with Dr. Bader.

X-rays for fractures proved negative. Plaintiff was never hospitalized, and she conceded that her treatments were for muscle aches. She received injections and oral medication and she used a heating pad at home. Dr. Bader's December 28, 1983, report stated that plaintiff suffered from a dorsal vertebral strain and chronic cranio-cervical injury. Her medical care included 45 medical visits in the 14 months following the accident.

At the time of the accident, plaintiff was laid off from her employment as a school teacher and was collecting unemployment benefits. She informed the MESC that she was able to work without restrictions. At the time of the injury, she was also attending Wayne State University on a master's degree program. She did not recall missing any school.

She was still attending college at the time of her deposition and had become employed as a teacher in an alternative-education school. She did state that she could no longer make quick movements on her job, and she no longer engaged in swimming and tennis as she did before her injuries. Plaintiff asserts that, based upon these facts, there were objective findings in support of her soft-tissue injury that compelled the conclusion that she suffered a serious impairment of body function.

The issue for our consideration is whether the trial court erred in ruling as a matter of law that plaintiff's injuries did not constitute a serious impairment of body function within the meaning of MCL 500.3135; MSA 24.13135.

First, we disagree with plaintiff's assertion that a factual dispute existed on the nature and extent of her injuries which was material to a determina-

tion of whether plaintiff suffered a serious impairment of body function. Our review of the record reveals that a material factual dispute did not exist regarding the nature and extent of plaintiff's injuries. Thus, under *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982), *reh den* 417 Mich 1104 (1983), the trial court could rule as a matter of law that plaintiff's injuries did not meet the threshold requirement of serious impairment of body function under MCL 500.3135; MSA 24.13135. See *Braden v Lee,* 133 Mich App 215; 348 NW2d 63 (1984), and *Williams v McGowan,* 135 Mich App 457; 354 NW2d 382 (1984).

In *Williams v Payne,* 131 Mich App 403, 409; 346 NW2d 564 (1984), this Court suggested the following standards to assist a court in making a legal determination of whether a plaintiff's injuries do constitute a serious impairment of body function:

> "First, 'impairment of body function' actually means 'impairment of *important* body functions'. *Cassidy v McGovern,* 415 Mich 504. Second, by its own terms, the statute requires that any impairment be 'serious'. MCL 500.3135(1); MSA 24.13135(1); *McKendrick v Petrucci,* 71 Mich App 200, 210; 247 NW2d 349 (1976). Third, the section applies only to 'objectively manifested injuries'. *Cassidy v McGovern,* 415 Mich 505." (Emphasis in *Payne.)*

The *Payne* Court held that the plaintiff's injuries did not constitute a serious impairment of body function, despite the plaintiff's testimony of pain in the base of the thumb, since the injuries were not objectively manifested in a scientific or medical context. The Court stated that objective manifestation of symptoms in the form of pain was insufficient to meet the serious impairment of body function threshold and that the plaintiff was left

to her remedies under the no-fault act. *Id.,* pp 409-410.

We disagree with plaintiff herein that there is a material factual dispute regarding the nature and extent of her injuries. While defendant did not introduce medical testimony of his own, a fair reading of the plaintiff's physician's reports and plaintiff's own testimony leads us to conclude, as did the trial court, that the plaintiff did not suffer a serious impairment of body function. The doctor placed no work or activity restrictions upon plaintiff, and she testified in her deposition that she never missed any work or school and that she never claimed to the MESC that she was unable to work during that period following the accident when she was receiving unemployment benefits.

Viewing the evidence in a light most favorable to plaintiff, it is not convincing to us that plaintiff changed her job because she was unable to cope with the physical demands of her former job. Rather, plaintiff seems to admit that this job change was more the result of personal preference. Nor do we think that plaintiff's discontinuance of her tennis and swimming activities is significant to establish her claim.

"A limitation self-imposed because of real or perceived pain is not objective manifestation." *Salim v Shepler,* 142 Mich 145, 149; 369 NW2d 282 (1985).

It is our opinion that, on the facts presented here, plaintiff did not suffer a serious impairment of body function. "[P]laintiff's generalized assertions that she has resulting physical restrictions and still suffers from pain do not constitute a significant effect on her lifestyle nor an impairment of an important body function." *Flemings v Jenkins,* 138 Mich App 788, 790; 360 NW2d 298 (1984).

Affirmed.